Per Curiam.
The plaintiff brings this action to recover royalties under a licensing agreement for the use of various patented radio and television devices.
The agreement in suit was made on October 21, 1941, and was to run until June 30, 1951. It called for a percentage payment of royalties on gross sales in exchange for a nonexclusive license granted to the defendant for the use of all Hazeltine patents, including future patents. The agreement was observed and performed until the end of 1946. After January 1, 1947, the defendant failed to make required reports or pay any royalties. On November 13, 1947, the defendant attempted to repudiate the agreement and thereby gave rise to this lawsuit.
*1002 The plaintiff moved for summary judgment, or, in the alternative, to strike the affirmative defenses pleaded in the defendant’s answer. The Special Term denied summary judgment and granted only partial relief on the alternative branch of the motion by striking all defenses except the first defense alleging that the contract was void and unenforcible as being against public policy. It was held that factual issues existed as to failure of consideration for the licensing agreement because of the invalidity of certain patents, and that the first defense was sufficient in law and supported by an adequate statement of facts.
We do not find any facts set forth in the defendant’s answering affidavits to show a failure of consideration or the existence of any other triable issue. We also think that the plaintiff’s recovery may not be defeated under the first defense attacking the legality of the licensing agreement on numerous grounds. Except for certain immaterial differences in form and as to factual matters, this defense is identical with a defense of illegality asserted by another licensee in a similar action by the plaintiff for royalties under the plaintiff’s standard form of agreement. In fact, the same counsel appeared for the licensee in that case as represents the defendant in this action. There the defense of invalidity of the licensing agreement was held to be insufficient, and summary judgment was directed in favor of the licensor. (See Automatic Radio Mfg. Co. v. Hazel-tine Research, 176 F. 2d 799, certiorari granted 338 U. S. 942.) On the authority of that case, and for the reasons stated by the learned Chief Judge writing for the majority of the court, we find the first defense in the defendant’s answer to be insufficient in law.
We have not overlooked what was said in Tams-Witmark Music Library v. New Opera Co. (298 N. Y. 163, 173) regarding the doctrine of licensee estoppel in an action for royalties (see Bucky v. Sebo, 276 App. Div. 545, decided herewith).
The order appealed from should be reversed, with $20 costs and disbursements, and the motion granted. Settle order providing for an assessment of damages.
Peck, P. J., Glennon, Callahan and Van Voorhis, JJ., concur; Shientag, J., dissents and votes to affirm.
Order reversed, with $20 costs and" disbursements to the appellant, and the motion granted. Settle" order providing for an assessment of damages. [194 Mise. 81.] [See 277 App. Div. 873.]